UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 15-005-DCR-07 |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 19-083-DCR |
| V. | ) | |
| | ) | |
| RICHARD THORNTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Richard Thornton pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.  He was sentenced to a term of imprisonment of 136 months and was ordered to pay restitution in the amount of $373,784.98.  [Record No. 402] Thornton has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Record No. 516]  Thornton asserts that his counsel was ineffective because he failed to: (i) investigate and inform him about sentencing enhancements; (ii) object to the recovery of text messages from his girlfriend's cell phone; (iii) challenge the warrant and affidavit allowing the police to obtain his GPS location; (iv) challenge the warrant to seize and extract data from his computer; and (v) request that the Court make an individualized finding regarding the loss amount sentencing enhancement.  According to Thornton, his counsel's failure to explain the loss amount resulted in an ill-informed decision to plead guilty.

- 1 -

Thornton's motion was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, Magistrate Judge Atkins recommended that Thornton's § 2255 motion be denied. [Record No. 527] Thornton filed untimely objections to the recommended disposition in which he merely reiterated the arguments made in his original motion.

The Court reviews *de novo* those portions of a magistrate judge's recommendation to which timely objections are made, 28 U.S.C. § 636(b)(1)(C). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). But "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id*. The Court has reviewed the record, the recommended disposition, and Thornton's untimely objections *de novo* and concluded that Thornton's motion should be denied.

## I.

Thornton and his co-conspirators were involved in a far-reaching bank fraud conspiracy between March 2014 and February 2015. Thornton stole checks from businesses' mailboxes, used the stolen checks to create fake business checks, and recruited homeless individuals to cash the checks.

Thornton pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. [Record No. 314] During the plea colloquy, the undersigned confirmed that Thornton had received a copy of the superseding indictment and discussed it specifically -- and the case generally -- with his attorney. [Record No. 455, p. 8] Thornton also affirmed

that he was satisfied with his attorney's advice. [*Id.*] Further, the Court reviewed the statutory maximum penalty during the change-of-plea hearing. [Record No. 455, p. 17]

Thornton's written plea agreement included three recommended enhancements to his base offense level: (i) a 16-level increase based upon the amount of loss under United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(1)(I), (ii) a 2-level increase because the offense involved more than 10 victims under U.S.S.G. § 2B1.1(b)(2)(A)(i); and (iii) a 2-level increase because the offense involved the use of "sophisticated means" as that term is defined by U.S.S.G. § 2B1.1(b)(10)(C). [Record No. 396, p. 5] The Court also explained the impact of potential sentencing enhancements on Thornton's non-binding guideline range. Specifically, the undersigned discussed the loss enhancement and explained that a separate hearing would be held to determine the amount of loss. [Record No. 455, p. 20-22] Thornton indicated that he did not have any questions about the guidelines or how they would apply to him.

The Presentence Report ("PSR") recommended additional enhancements which were not included in the non-binding plea agreement. Thornton's counsel objected to the enhancement for "production or trafficking of any unauthorized access device or counterfeit access device" and to the "means of identification enhancement." His counsel was successful in objecting to the production or trafficking an unauthorized access device and the United States Probation Office withdrew that enhancement prior to the sentencing hearing. However, Thornton's objection to the mean of identification enhancement was overruled.

Thornton was sentenced to a within-guidelines range sentence of 136 months, to be followed by a 5-year term of supervised release. [Record No. 402] He also was ordered to

pay $373,784.98 in restitution. [*Id.*] Thornton appealed his sentence, asserting that the Court erred in calculating his advisory guideline range by applying a two-level enhancement for using a "means of identification." [Record No. 499] However, the United States Court of Appeals for the Sixth Circuit upheld this Court's judgment and sentence.

Thornton contends in his § 2255 motion that his attorney provided ineffective assistance. More specifically, he asserts that his counsel failed to: (i) investigate and explain the sentencing enhancements; (ii) object to the recovery of text messages from his girlfriend's cell phone; (iii) challenge the warrant and affidavit allowing the police to obtain his GPS location; (iv) challenge the warrant to seize and extract data from his computer and the VersaCheck program; and (v) ask the Court to make an individualized finding regarding the loss amount sentencing enhancement.

Magistrate Judge Atkins directed Thornton to acknowledge whether he waived his attorney-client privilege regarding his claims of ineffective assistance of counsel. [Record No. 518] Thornton declined to acknowledge waiving this privilege while also declining to abandon any of his claims outlined in his § 2255 petition. [Record No. 520] Magistrate Judge Atkins subsequent order explained that Thornton had implicitly waived attorney-client privilege by refusing to abandon claims that placed privileged communications at issue. [Record No. 521]

Magistrate Judge Atkins has recommended that the undersigned deny Thornton's § 2255 petition. [Record No. 527] At the outset, he concluded that Thornton's claims are largely "conclusory[,] perfunctory" and insufficient to overcome the presumption of effective assistance of counsel. As noted above, Thornton submitted untimely objections to

Magistrate Judge Atkins' recommended disposition, essentially reiterating the arguments taken from his original § 2255.

## II.

A movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to prevail on a § 2255 claim. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). A defendant's right to effective assistance of counsel is violated when counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Wynn,* 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard is highly deferential to counsel. *Id.*

The undersigned agrees with the magistrate judge's determination that many of Thornton's claims are conclusory, which is "insufficient to overcome the presumption of reasonable professional assistance." [Record No. 527, p. 5 (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012).] However, for the sake of completeness, the Court will consider the merits of each of Thornton's claims.

**A.    Counsel for Thornton was not deficient in investigating and explaining the potential sentencing enhancements that applied to his offense level.**

Thornton asserts that counsel failed to investigate and failed to relay the sentencing enhancements that would apply to him. More specifically, he contends that he would not have pleaded guilty if counsel had investigated and explained sentencing enhancements. At the outset, Thornton does not indicate which sentencing enhancement his attorney failed to investigate. "[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Pratt*, No. 7: 15-10-DCR, 2019 U.S. Dist. LEXIS 34495, at *7 (E.D. Ky. Mar. 4, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 U.S. Dist. LEXIS 150258, at *5 (E.D. Mich. Oct. 21, 2014)).

As Magistrate Judge Atkins correctly explained, Thornton cannot show that his attorney failed to advise him of potential sentencing enhancements or claim any ignorance as to their potential application. This Court reviewed with Thornton his base offense level and discussed how sentencing enhancements may impact his guideline range. [Record No. 455, pp. 19-22] The Court also reviewed Thornton's written plea agreement, which included three enhancements that may apply in calculating his guideline range. [Record No. 396, pp. 4-5; Record No. 455, p. 12] Thornton also affirmed that he had spoken with counsel about his superseding indictment as well as his plea agreement. And Thornton's filed objections to some of the sentencing enhancements recommended by the United States Probation Officer responsible for preparing the defendant's PSR. It is also noteworthy that Thornton's attorney was successful in arguing against application of one of the enhancements. [Record No. 408]

Simply put, there is no support for the claim that Thornton was unaware of the potential sentencing enhancements or that his counsel failed to investigate and explain the sentencing enhancements.

In his untimely objections, Thornton asserts for the first time that his counsel informed him that he was facing a maximum sentence of ten years and counsel did not refute this contention. However, "[n]ew arguments raised for the first time in a petitioner's objection to a magistrate judge's report and recommendation are considered waived." *Haight v. White*, No. 3:02-CV-00206-GNS-DW, 2017 U.S. Dist. LEXIS 132375, at *8 (W.D. Ky. Aug. 18, 2017) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). But even Thornton was not attempting to raise a new argument, he was aware of his sentencing exposure as the Court reviewed the statutory maximum penalties with him at the time his guilty plea was entered. Thornton also confirmed his understanding that neither the Court nor his attorney could accurately predict the appropriate guideline range until after the PSR had been prepared and any objections had been resolved. [Record No. 455, p. 20]

There is no indication that counsel was deficient in explaining the potential sentencing enhancements that Thornton could face. The Court reviewed the potential enhancements identified in his plea agreement, Thornton acknowledged that he reviewed the plea agreement with his attorney, and Thornton's attorney challenged the enhancements included in the PSR. Further, even if his counsel was deficient, Thornton has not shown that but for counsel's performance he would have proceeded to trial. Accordingly, he has not established that his counsel was ineffective.

**B.  Thornton's attorney was not ineffective for failing to object to "Rachel's text messages."**

Thornton also argues that his counsel was ineffective by failing to object to the use of "Rachel's" text messages because they were hearsay used to establish his identity.[1]  He repeats this same argument in his untimely objections.   This claim lacks merit because the Federal Rules of Evidence do not apply to "issuing an arrest warrant, criminal summons, or search warrant; a preliminary examination in a criminal case; [or] sentencing."  Fed. R. Evid. 1101(d)(3).  Because Thornton's claim is not meritorious, his counsel is not ineffective for not raising it. *See United States v. Jennings*, No. 2: 06-79-DCR, 2011 U.S. Dist. LEXIS 63741 (E.D. Ky. June 14, 2011) ("Failure to raise meritless arguments does not constitute ineffective assistance of counsel"); *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Therefore, this claim also fails.

**C.  Thornton's counsel was not ineffective for failing to challenge an affidavit submitted to obtain the GPS location from his cell phone.**

Thornton next asserts that his counsel was ineffective for failing to challenge the affidavit used to apply for a warrant to obtain his GPS location.  He believes that a proper affidavit does not exist, but even if it did exist, he contends that his counsel never provided it to him and counsel was ineffective for not challenging it.  Thornton also claims that the affidavit incorrectly relied on the presumption that "Mike" and Thornton are the same person.

---

[1] The United States believes that "Rachel" is Defendant Rachel Jones. [Record No. 523, pp. 7-8] However, the United States notes that Thornton's identity was not established through Rachel Jones' text messages.  Accordingly, it asserts that this argument is factually, as well as legally, wrong.

However, as Magistrate Judge Atkins correctly noted, the affidavit of United States Postal Inspector Misty Racimo was submitted to support of an application for an order under 18 U.S.C. § 2703(c)(1)(A) pertaining to Thornton's cell phone. The affidavit provided detailed information supporting a finding of probable cause that the cell phone at issue was being used in furtherance of the criminal activity. *See* 5: 15-MJ-01-EBA. Thornton fails to explain how the information within the affidavit did not support a finding of probable cause or how it was inaccurate. Further, he cannot show that concluding that "Mike" and Thornton are the same person is unreasonable, as Thornton's middle name is "Michael." In short, Thornton cannot demonstrate that his counsel was deficient for failing to challenge the affidavit. Additionally, Thornton does not explain how he was prejudiced by his counsel's decision not to challenge the affidavit.

### D. Thornton's attorney was not ineffective for failing to challenge the sufficiency of the warrant to search Thornton's computer.

Thornton asserts that his attorney was ineffective for not challenging the sufficiency of a warrant to extract data and information from his laptop because it did not specify that the authorities could extract and investigate certain computer programs. However, the warrant allowed law enforcement to search multiple electronic devices, including Thornton's computer. It explicitly authorized "a forensic examination of the Devices for the purposes of identifying the electronically stored information described in Attachment B." Attachment B authorized the search of "all electronically stored information on the Devices . . . including a. Records or communications relating to the manufacturer of creation of counterfeit checks. b. Records or communications reflecting the receipt of money from cashing counterfeit

checks." Thus, the warrant explicitly allowed the government to extract and investigate programs on the computer that included records or communications relating to the scheme, including the VersaCheck program.

Challenging the warrant because it did not authorize the extraction of data or computer programs would have been meritless. As previously explained, failing raising a meritless argument does not constitute ineffective assistance of counsel. *Sutton v. Bell*, 654 F.3d 752, 755 (6th Cir. 2011) ("counsel cannot be ineffective for a failure to raise an issue that lacks merit").

### E. Thornton's attorney was not ineffective for failing to request an individualized finding regarding the loss amount attributable to him.

Finally, Thornton asserts that his counsel was ineffective for failing to ask the Court to make an individualized finding of the amount of loss attributable to him. He asserts that the entire amount of the conspiracy should not have been solely attributable to him and that he would not have entered a guilty plea if counsel had properly explained the sentencing enhancement applicable to the loss amount.

Thornton's plea agreement includes a paragraph noting that the government would seek a sixteen-level enhancement for the amount of loss. And during the change-of-plea hearing, Thornton confirmed that he had read the plea agreement, discussed it with his attorney, and understood it. [Record No. 455, p. 15-16] Further, the Court held a separate two-day hearing to determine the amount of loss. One of Thornton's co-conspirators appealed the loss calculation, but the Sixth Circuit concluded that this Court did not err in its calculation of the intended loss amount. [Record No. 499]

In *Calkins v. United States*, the movant asserted that her trial counsel should have contested the loss calculation and requested an evidentiary hearing, instead of concentrating on leniency under the § 3553(a) factors. 795 F.3d 896, 897 (8th Cir. 2015). The court concluded that this was an effective trial strategy and that the movant did not meet the burden of overcoming "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 898 (internal citations omitted). Here, a hearing was held to determine loss amount and the Court reviewed the potential loss enhancement with Thornton during his plea colloquy.

Thornton has not explained how his counsel failed to advise him of the loss amount or the potential impact on his sentence. Additionally, he has not demonstrated prejudice. As the Sixth Circuit has stated, "a petitioner cannot make that showing merely by telling the court now that [he] would have gone to trial then if [he] had gotten different advice." *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016).

**III**.

The Court may deny a movant's § 2255 petition if the record "conclusively shows that a defendant is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b). Additionally, no hearing is required if the movant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994). Here, Thornton's allegations are contradicted by the record, inherently incredible, or are merely conclusory statements. Accordingly, he is not entitled to an evidentiary hearing.

## IV.

Finally, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurist would find this Court's assessment debatable or wrong.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.      The magistrate judge's Recommended Disposition [Record No. 527] is **ADOPTED** and **INCORPORATED** by reference.

2.      Movant Richard Thornton's objections to the Recommended Disposition [Record No. 530] are **OVERRULED**.

3.      Thornton's motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 [Record No. 516] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4.      Thornton's request for an evidentiary hearing is **DENIED**.

5.      A Certificate of Appealability will not issue.

Dated: October 28, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky